UNITED STATES of America, Appellee,

v.

Robert KNOBELOCH, Appellant.

No. 84–1417.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Oct. 29, 1984.

Paul M. Storment, St. Louis, Mo., for appellant.

Richard L. Poehling, Asst. U.S. Atty., St. Louis, Mo., for appellee.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Robert Knobeloch was convicted in a bench trial of knowingly and willfully possessing and conspiring to possess, with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1982). The sole issue raised on appeal is whether the district court[1] erred in denying Knobeloch's motion to suppress a quantity of cocaine seized from him in a motel room. We affirm the ruling of the district court and the convictions.

Two undercover agents had planned a drug transaction with William Hahn, who was then renting room 308 in a Howard Johnson's Motor Lodge. On the morning set for the exchange, however, Hahn announced that the delivery would take place in two installments instead of one. Within thirty minutes, he went to room 114 of the same motel to meet the agents; he was arrested there while counting the money after turning over the first half of the cocaine. Hahn identified Knobeloch as his source to whom he was to take the money before receiving the remainder of the cocaine, but he declined to lead the officers to Knobeloch or to call Knobeloch to assure him the transaction was progressing satisfactorily. Police officers, based on earlier conversation as to where the transaction might take place, went first to room 317. It was vacant so they went to room 308, knocked and said they were with the maid service. The officers unsuccessfully attempted to use a passkey and, upon hearing noises within, forced the door open, arrested Knobeloch and seized cocaine from his person.

The district judge, following the recommendation of a magistrate to whom certain pretrial motions had been referred, denied Knobeloch's motion to suppress the cocaine, finding that exigent circumstances justified the officers' warrantless entry

Missouri.

into the motel room.[2] This determination is subject to the clearly erroneous standard of review. *United States v. Wentz*, 686 F.2d 653, 657 (8th Cir.1982); *United States v. Jones*, 635 F.2d 1357, 1360 (8th Cir.1980).

The evidence demonstrates that Hahn, upon his arrest, told the agents that Knobeloch expected him back immediately with the money. Since Hahn refused to call Knobeloch to reassure him, the agents believed that Knobeloch would suspect that the deal had gone sour before they would have time to obtain a search warrant. When they found no one in room 317 and heard a scurrying in room 308 after identifying themselves as federal agents, they feared that the cocaine would be destroyed. Upon entering they found Knobeloch standing near the bathroom door, and the cocaine was on his person.

In *United States v. Palumbo*, 735 F.2d 1095 (8th Cir.1984), we were presented with similar circumstances in which officers feared that one drug dealer's failure to return promptly (because of arrest) would alert the partner that something was amiss. We there stated: "We believe that the officers' fear that Palumbo would become suspicious and destroy the cocaine was reasonable, and created an exigency sufficient to justify the warrantless entry and arrest." *Id.* at 1097. Under the facts here, a fear of destruction of the evidence was equally reasonable and sufficient to constitute exigent circumstances justifying the officers' actions.

Knobeloch argues vigorously that the urgency here was created by the police since the agents knew that another person was likely to be involved in the drug transaction and knew that activities would center around room 308, where Knobeloch was arrested, because Hahn had rented it the day before the transaction. Knobeloch also asserts that no government witness testified to a belief that evidence was about to be destroyed and that the arresting officers in fact testified that Knobeloch was not attempting to dispose of evidence when they seized him. He argues that the time lapse between the arrest of Hahn and the arrival of the officers at room 308 was insufficient to have given him warning that something had gone wrong and that since there was only one way out of the room, officers could have been posted.

There is evidence, however, that the agents believed they could not make a sufficient showing of probable cause prior to the first delivery of drugs by Hahn. Until they knew at least that the transaction would be conducted in two parts, they had no reason to suspect that Hahn's drug source would be present in the Howard Johnson's at that time, even though they could suspect his general existence.

We cannot conclude that the district court was clearly erroneous in its finding of exigent circumstances. The possibility that Knobeloch would take warning from the delay in Hahn's return and the scurrying heard by the officers while outside room 308 justified a fear that evidence would be destroyed. *Palumbo* requires that we uphold the district court in denying the motion to suppress.

The conviction of Knobeloch on both counts is affirmed.

---

2. The district court also held that Knobeloch lacked standing to challenge the constitutionality of the search, but the government does not defend on that ground on appeal.