**UNITED STATES of America, Appellee,**

v.

**Pablo Ramon MUNOZ, Appellant.**

No. 88–5299.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 9, 1989.

Decided Jan. 18, 1990.

Richard P. Clem, Minneapolis, Minn., for appellant.

Henry J. Shea, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, SNEED,[*] Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Pablo Ramon Munoz ("appellant") appeals from a final judgment entered in the District Court[1] for the District of Minnesota upon a jury verdict finding him guilty of distribution of cocaine, aiding and abetting in the distribution of cocaine, and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced appellant to three concurrent six year sentences. For reversal appellant ar-gues that the district court erred in (1) not granting him a separate trial from his co-defendant and (2) admitting evidence seized in a warrantless search of his home. For the reasons discussed below, we affirm the judgment of the district court.

I.

Appellant and his co-defendant, Rafael Martin, were neighbors in Hialeah, Florida. In January 1988, both appellant and Martin were in Minneapolis. Appellant was staying at 3945 Portland Avenue.

On January 15, 1988, an undercover Deputy Sheriff, Patrick Moe, went to 2733 Portland Avenue to purchase cocaine. Rafael Martin answered the officer's knock at the door. Appellant was also present in the apartment, standing directly behind Martin. Moe asked for someone by the name of Tony, and Martin stated that Tony was there. Moe told Martin that he would be waiting in his vehicle. Martin followed him out of the apartment, stating that he was Tony's brother and could also sell him cocaine. Martin then returned to the apartment. After five minutes he came from the apartment and got into Moe's car.

Moe purchased one-half ounce of cocaine from Martin, who informed him that he had an additional one-half kilogram for sale. The record indicates that Martin motioned back to the apartment building at 2733 Portland Avenue and told Moe he needed to ask his father how much the cocaine would cost. One hour after the initial meeting, arrangements were made over the telephone for Moe to purchase from Martin one-half kilogram of cocaine for $21,800 at 3945 Portland Avenue. Deputy Sheriff Thomas Rainville and other officers then observed appellant and Martin leave 2733 Portland Avenue and travel directly to 3945 Portland Avenue.

When Moe arrived at 3945 Portland Avenue, Martin got into his car. When Martin produced the cocaine, he was arrested. A

[*] The Honorable Joseph T. Sneed, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. The Honorable Gerald W. Heaney, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation as a district judge.

few minutes after Martin's arrest, Deputy Rainville and other officers approached the 3945 Portland Avenue residence. From the front steps they observed several individuals inside the residence, including appellant. The officers knocked several times and announced they were police officers. They then observed a party later identified as appellant's son Aroldo run up the stairs toward the second level. At that time, the police decided to enter the house. Appellant and Aroldo Munoz were both arrested. Deputy Rainville found appellant's driver's license, cash and one-half ounce of cocaine in what was later identified as appellant's coat.

Before trial, defense counsel moved to suppress the evidence seized in the warrantless search of 3945 Portland Avenue, but the motion was denied after an evidentiary hearing. Defense counsel did not file a pretrial motion for severance.

Appellant and Martin were charged in a single indictment. Both pled not guilty and were tried jointly.[2] Martin testified in his defense that appellant had coerced him into selling drugs. Appellant argues that Martin's testimony is grounds for severance because it further implicated appellant in the crimes with which he was charged.

## II.

■ We turn first to whether the district court erred in not severing the joint trial. Whether or not a defendant properly preserved a severance issue for appellate review will determine what standard of review the court will apply. If the severance issue was preserved, the standard of review is whether the district court abused its discretion in applying Fed.R.Crim.P. 14.[3] If, however, the issue was not preserved on appeal, this court will review for plain error. A defendant must then show, in addition to an abuse of discretion by the district

court, prejudice affecting his or her substantial rights and "some extraordinary reason for us to reverse for such error despite [his or her] failure to raise the issue in the trial court." *United States v. Thornberg*, 844 F.2d 573, 575 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 2913, 101 L.Ed.2d 944 (1988).

■ A defendant's duty to object to a joint trial begins before trial, and continues throughout the trial. Fed.R.Crim.P. 12(b)(5) requires that a motion to sever be made before trial. Failure to make a pretrial motion will result in a waiver, unless a relief from the waiver is granted for cause shown. Fed.R.Crim.P. 12(f). Generally, a pretrial motion for severance due to prejudicial misjoinder must be renewed at the close of the government's evidence or at the end of all of the evidence in order to preserve the severance issue for appeal. *United States v. Pelton*, 578 F.2d 701, 711 (8th Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978); *United States v. Porter*, 441 F.2d 1204, 1212 (8th Cir.), *cert. denied*, 404 U.S. 911, 92 S.Ct. 238, 30 L.Ed.2d 184 (1971). In *United States v. Thornberg*, we modified the rule on preserving a motion to sever, recognizing that "[l]ike all procedural rules, our rule on preserving a motion to sever must be applied in light of [its] purposes." 844 F.2d at 576 (motion to sever preserved on appeal despite defense counsel's failure to renew at the close of the government's case). We require timely objections in part because it is unfair to reverse a trial court on the basis of an issue that it has not had an opportunity to consider. "It is not the duty of the trial court to anticipate and evaluate every possible error that might be alleged. Rather it is the role of counsel to bring such matters to the court's attention." *Id.* at 575. In addition, we require timely objections so we, as the reviewing court, know whether or not the party con-

---

**2.** The initial joinder of the two defendants under Fed.R.Crim.P. 8(b) was proper because both defendants were part of a single conspiracy. *See United States v. Mendoza*, 876 F.2d 639, 643 (8th Cir.1989).

**3.** Fed.R.Crim.P. 14 states in part:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election of separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

sented to the ruling. In other words, a defendant does not necessarily preserve the issue for appellate review merely by making a motion at the close of the government's case. Without an objection at the time the arguably prejudicial testimony is admitted, the reviewing court has no way of knowing whether the defendant decided to accept the ruling and take his or her chances that the testimony will not harm his or her case. *See id.; see also United States v. Marin–Cifuentes*, 866 F.2d 988 (8th Cir.1989). Applying these concerns to the case at hand, we find that appellant failed to properly preserve the issue.

■ We begin by noting that defense counsel did not file a pretrial motion for severance as required by Fed.R.Crim.P. 12(b)(5). However, we do not deem the issue waived because the record indicates that defense counsel first learned of Martin's coercion defense after the trial began. *See* Fed.R.Crim.P. 12(f) (relief from waiver when "cause shown").

■ Next we consider whether defense counsel ever gave the district court an opportunity to rule on a motion to sever. Defense counsel first indicated to the court that he might object to the joint trial during a recess in the middle of the government's case. At that time, Martin's attorney asked the court's permission to cross-examine Deputy Rainville about a gun found at 3945 Portland Avenue in order to lay the foundation for his client's assertion that appellant had coerced him into selling the drugs. Martin's attorney also told the court, in the presence of appellant's attorney, that Martin would most likely testify in his own defense. At this point, defense counsel told the court: "If we are going to go into items of the shotgun and the gun permit, I believe that I would request at this time—well, at least a severance of this trial or a severance, this is highly prejudicial to my client at this point in time." Transcript of Proceedings, Vol. I, 145–46. The court did not respond to defense counsel's precise concerns of prejudice, permitting the cross-examination and allowing Martin to assert a coercion defense. The trial continued, and at the close of the government's case, defense counsel moved for a judgment of acquittal. In doing so, he stated,

... that is the only motion presently that I would make at this time. There is another motion that I am going to make if the Court wants to hear it now in regard to the testimony of Rafael Martin that if he testifies I will ask the Court, I will renew my motion for a severance.

Transcript of Proceedings, Vol. II, 257. The court denied "both motions." *Id.* Giving the appellant the benefit of the doubt on a record that is not a model of clarity, we find that defense counsel did motion the court to sever and that the court, while initially reserving judgment, eventually denied the motion.

However, defense counsel did not object when Martin took the stand to testify that appellant had coerced him into selling the drugs. *Id.* at 269. This last objection is critical to our understanding of whether appellant consented to the arguably prejudicial testimony, and defense counsel's failure to object at that time persuades this court that appellant did not preserve the issue for appellate review. We cannot be sure that appellant did not later decide to accept what he might have considered to be an erroneous denial of his motion to sever because his counsel did not object when Martin took the stand. Nor did he request a continuing objection, which would have indicated to us that appellant did not acquiesce in the court's ruling. Therefore, we review the district court's failure to sever the trial under the plain error standard.

■ The district court's failure to sever the trial does not constitute plain error. Its refusal to grant appellant a separate trial did not adversely affect appellant's substantial rights. Appellant claimed that Martin's coercion defense prejudiced him because it was inconsistent with his own defense. However, an assertion that a co-defendant's defense differs from one's own does not automatically demonstrate prejudice, *see United States v. Roth*, 736 F.2d 1222 (8th Cir.), *cert. denied*, 469 U.S. 1058, 105 S.Ct. 541, 83 L.Ed.2d 433 (1984), partic-

ularly where, as here, the jury disbelieved both defenses.

### III.

 We next turn to the district court's denial of appellant's motion to suppress. Searches without a warrant are *per se* unreasonable "subject only to a few specifically established and well-delineated exceptions." *Katz v. United States* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Exigent circumstances may provide a basis for a warrantless entry if "lives are threatened, a suspect's escape is imminent, or evidence is about to be destroyed." *United States v. Clement*, 854 F.2d 1116, 1119 (8th Cir.1988). *See also McDonald v. United States*, 335 U.S. 451, 454, 69 S.Ct. 191, 192–93, 93 L.Ed. 153 (1948). In addition to showing exigent circumstances, the government must show that the officer had probable cause to search the apartment. *United States v. Blake*, 484 F.2d 50, 55 (8th Cir.1973), *cert. denied*, 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974).

The government here argues that officers feared that evidence was in danger of destruction, thus constituting a basis for the warrantless entry. In *United States v. Kulcsar*, 586 F.2d 1283, 1287 (8th Cir.1978), we said "presence of evidence reasonably believed to be in imminent danger of removal or destruction is well recognized as a circumstance which may permit immediate police action." A warrantless search of a residence is justified, therefore, to prevent the destruction of evidence if factual circumstances demonstrate "a sufficient basis for an officer to believe somebody in the residence will likely destroy evidence." *United States v. Beck*, 662 F.2d 527, 530 (8th Cir.1981).

We review denial of motions to suppress evidence obtained in a warrantless search by a claim of exigent circumstances under the clearly erroneous standard. *United States v. Knobeloch*, 746 F.2d 1366, 1367 (8th Cir.1984), *cert. denied*, 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985). The record amply demonstrates that the officers had probable cause

to believe that appellant may have committed a crime and a reasonable belief that evidence of the crime was in imminent danger of removal or destruction. Prior to approaching 3945 Portland Avenue, the police officers had substantial evidence to link appellant to the undercover drug transaction. Not only was appellant present when Deputy Sheriff Moe made his original contact with Martin, but Martin also made his offer to sell additional cocaine contingent upon approval of his father, whom police reasonably suspected was appellant. At the time of entry, police knew appellant was present at 3945 Portland Avenue because they followed both Martin and appellant and because they saw appellant inside the apartment before they opened the door to search. After they knocked and announced their identity, the officers observed someone later identified as appellant's son Aroldo run up the stairs to the second level of the residence. Aroldo's reaction to the officers' knock on the door gave them reason to believe that evidence might be destroyed. *See United States v. Clement*, 854 F.2d 1116 (8th Cir.1988). We therefore hold that the district court's findings of probable cause and exigent circumstances are not clearly erroneous, and affirm the court's denial of appellant's motion to suppress.