799 P.2d 1354

### STATE of Arizona, Appellee,

v.

### David Craig HENDRIX, Appellant.

### No. 1 CA–CR 88–1278.

Court of Appeals of Arizona, Division 1, Department C.

May 8, 1990.

Review Denied Nov. 27, 1990.

and Mark E. Dwyer, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GERBER, Judge.

Appellant David Craig Hendrix (defendant) appeals from his convictions of one count of possessing narcotic drugs, three counts of burglary, four counts of theft, one count of fraudulent schemes and artifices, one count of conspiring to commit fraudulent schemes, and three counts of forgery. The pertinent facts are as follows.

## FACTS

In October 1987, the Phoenix Police Department received information that Hendrix and co-defendant Leonard Richardson were operating a car burglary ring. Hendrix and Richardson lived in Units 5 and 22 of a motel on East Van Buren Road. A police officer searched the motel's garbage and found stolen purses, checkbooks and identification cards. Several police officers began surveillance of rooms in the motel.

On October 14, 1987, Officer Barrett saw Debra Hodge on a balcony of one of the motel rooms. He thought that she recognized him from a previous encounter. At approximately 2:30 p.m., Barrett saw defendant's girlfriend, Karen Von Dane, leave the motel room and drive away. Two other police officers who followed Von Dane observed Hodge sit up from a hiding place in the back seat of the car. Von Dane and Hodge drove to an apartment complex in Scottsdale where they attempted to call the Van Buren motel room they had previously left. The officers detained Hodge and arrested Von Dane[1] at approximately 3:05 p.m. before the phone call was made.

Both women were interrogated between 3:30 and 4:00 p.m. They stated that there

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div.,

---

1. There was a warrant outstanding for Von Dane's arrest.

was stolen property and other incriminating evidence in the Van Buren motel room. At approximately 4:15 p.m., Sergeant Pennington ordered that the motel rooms be secured to prevent the destruction of evidence while he sought a search warrant. Before the warrant was obtained, police entered Unit 5 of the motel and found Hendrix and co-defendant Richardson. Both were detained while Sergeant Pennington obtained the search warrant. After obtaining the warrant, the officers searched the premises and found video equipment, cassettes and briefcases containing credit cards in both Units 5 and 22.

Hendrix was charged by indictment with 13 counts of possessing narcotic drugs, burglary, theft, fraud, forgery and conspiring to commit fraudulent schemes and artifices.

Before trial, Hendrix sought to suppress the evidence seized from the motel rooms. He claimed that the evidence was the product of a warrantless search. The state responded that Hendrix lacked standing to challenge the search and that, in any event, the warrantless search was justified by exigent circumstances. The trial court rejected the state's argument on standing but denied Hendrix' motion to suppress.

Hendrix waived his right to a jury trial and submitted the case to the trial court which found him guilty as charged and imposed concurrent terms of imprisonment.

On appeal, Hendrix claims that the trial court erred by refusing to suppress the evidence. The state has not raised the issue of Hendrix' standing to challenge the search. That issue is therefore waived on appeal.

### ANALYSIS

The fourth amendment to the United States Constitution and art. 2, § 8 of the Arizona Constitution proscribe unreasonable search and seizure. The Arizona Constitution is even more explicit than its federal counterpart in safeguarding against unreasonable search and seizure. *State v. Ault*, 150 Ariz. 459, 463, 724 P.2d 545, 549 (1986). The prohibitions of the fourth amendment fully apply to "securing" a res-

idence as well as searching it. *U.S. v. Kunkler*, 679 F.2d 187, 191 (9th Cir.1982). Police officers may not enter a residence without a warrant unless there are exigent circumstances. *State v. Bolt*, 142 Ariz. 260, 265, 689 P.2d 519, 524 (1984). Any warrantless entry to secure a residence is *per se* illegal unless the entry is justified by one of the few specifically established "jealously and carefully drawn exceptions." *State v. Fisher*, 141 Ariz. 227, 237, 686 P.2d 750, 760 (1984), *cert. denied*, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436, citing *Jones v. U.S.*, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257, 2 L.Ed.2d 1514, 1519 (1958).

One recognized exigent circumstance which justifies a warrantless search is the probable destruction of evidence. *State v. Ault, supra.* The state adopts this rationale here. The state bears the burden of proof to establish the existence of this exigent circumstance. *Vale v. Louisiana*, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); *State v. Fisher, supra.* It must demonstrate that the police had reason to believe that the evidence was in danger of *imminent destruction*. *U.S. v. Webster*, 750 F.2d 307, 326 (5th Cir.1984), *cert. denied*, 471 U.S. 1106, 105 S.Ct. 2340, 85 L.Ed.2d 855 (1985); *U.S. v. Kunkler, supra.* In particular, the facts as they appeared at the moment of entry must be such as to lead a reasonably experienced police officer to believe that evidence would be destroyed before a warrant could be issued. *U.S. v. Rivera*, 825 F.2d 152, 156 (7th Cir.1987), *cert. denied*, 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). This determination varies from case to case. *U.S. v. Socey*, 846 F.2d 1439, 1445 (D.C.Cir. 1988), *cert. denied*, 488 U.S. 858, 109 S.Ct. 152, 102 L.Ed.2d 123 (1988). Therefore, the necessities of each individual situation must be scrutinized. *Id.*

In this case, over one hour passed from the time the two women attempted to call the Van Buren motel room at approximately 3:05 p.m. until the time the police officers decided to enter the room. During this time period, no new evidence appeared. There was no suspicious activity in the

motel room nor any external commotion indicating an impending police search. There was no reason to believe evidence was being or about to be destroyed. The only new factor was the absence of the women. While the return of a co-defendant can be a factor to consider under the exigent circumstance exception, *U.S. v. Knobeloch,* 746 F.2d 1366, 1367 (8th Cir. 1984), *cert. denied,* 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985); *U.S. v. Palumbo,* 735 F.2d 1095, 1097 (8th Cir.1984), *cert. denied,* 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 268 (1984), neither the police officers nor Sergeant Pennington testified that Hendrix was expecting the women to return at a certain time. Without that expectation the absence of the women is meaningless. In these circumstances their mere absence could not give any reason to destroy evidence inside the motel rooms, nor could that absence create an objective reason in the police to fear that result. The state must show more than its own subjective fear of an imminent destruction of evidence; the fear must be objectively reasonable. *U.S. v. Rivera, supra.* The state fails to meet this burden on these facts.

■ The state further alleges that, in any event, the search and its fruits should be upheld because the evidence would have been inevitably discovered anyway. The state failed to present this position to the trial court. Because the inevitable discovery doctrine depends upon the particular facts of each case, the state's failure to develop this issue in the trial court prevents consideration of it on appeal.

For the foregoing reasons, the convictions and sentences are reversed. ◆

CONTRERAS, P.J., and McGREGOR, J., concur.