UNITED STATES of America, Appellee,

v.

**Joey Alan DOBIN, Appellant.**

**No. 90–5551MN.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1991.

Decided July 10, 1991.

Frederick J. Goetz, argued, for appellant; Barry V. Voss, Minneapolis, Minn., on brief.

Nathan P. Petterson, argued, for appellee; Lisa A. Frane, Minneapolis, Minn., on brief.

Before ARNOLD and LOKEN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Dobin appeals the district court's [1] denial of his motion to sever his trial from that of a codefendant, John Bruggenthies. We affirm.

Dobin, Bruggenthies, and three other individuals were indicted for possessing cocaine with intent to distribute and conspiring to possess cocaine with intent to distribute. Dobin and Bruggenthies pleaded not guilty; two of the three other individuals (Wheeler and McMahon) pleaded guilty and agreed to testify against Dobin and Bruggenthies. Dobin moved to sever his trial from that of Bruggenthies, but this motion was denied by the magistrate judge.[2] The motion was renewed before the district judge prior to trial, but the motion was again denied.

After the trial began, Bruggenthies' counsel, in an in camera hearing, informed the judge, the government's counsel, and Dobin's counsel that he planned a somewhat unusual strategy. Because Bruggenthies' efforts to convince the government to accept his cooperation and make a motion for a downward departure based on that cooperation had failed,[3] Bruggenthies planned to testify truthfully as to his involvement in the conspiracy; in so doing,

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. The Honorable Earl J. Cudd, United States Magistrate Judge for the District of Minnesota.

3. "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S. S.G. § 5K1.1.

he would corroborate some of the testimony of McMahon and Wheeler. By these acts, Bruggenthies hoped to curry the court's favor in hopes that it would decrease his sentence. Dobin renewed his motion for a severance, which was opposed by both Bruggenthies and the government. The district court again denied Dobin's motion.

Bruggenthies did testify as to his involvement in the conspiracy. However, because he had never personally dealt with Dobin, Bruggenthies' testimony regarding Dobin was rather limited. All that Bruggenthies could say about Dobin was that McMahon and Wheeler had both used the name "Joe" in describing their contact in Florida, and that "Joe" was slightly heavier than Bruggenthies, had a mustache, but not much hair. After completing his testimony, and out of the jury's presence, Bruggenthies changed his plea to guilty; his plea was accepted. A cautionary instruction was later read to the jury, instructing it to consider only the evidence against Dobin and not to concern itself with Bruggenthies. At no time after Bruggenthies' testimony was Dobin's motion for a severance renewed. The jury found Dobin guilty, and he now appeals the district court's denial of his severance motion.

Initially, we must ascertain whether this issue was properly preserved for review. If the issue was preserved, we review the district court's decision for an abuse of discretion; if the issue was not preserved, we reverse the district court only if plain error occurred. *United States v. Munoz*, 894 F.2d 292, 294 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1934, 109 L.Ed.2d 297 (1990).

This circuit has rejected the rigid requirement that the defendant must renew his severance motion after the close of the government's case, and instead we consider the actions taken by the defendant in light of the purposes for requiring the motion's renewal. *United States v. Thornberg*, 844 F.2d 573, 576 (8th Cir.), *cert. denied,* 487 U.S. 1240, 108 S.Ct. 2913, 101 L.Ed.2d 944 (1988). Stated another way, we "must look to the principal reasons for requiring the preservation of objection (1) to indicate whether the appealing party consented to the error, and (2) to give the trial court the opportunity to rule on the matter in its concrete form." *United States v. Marin-Cifuentes*, 866 F.2d 988, 994 (8th Cir.1989).

Our primary focus in this case is on the second of these two purposes. When a motion is made based on facts believed to exist, and there is no material change with respect to what happens at the trial, then a renewed motion for severance is not necessary. However, if events at trial do not correspond to what is expected to occur when the motion is made, the motion to sever must be renewed so that the trial court can rule on the motion with the benefit, and in light of, knowledge of the true (and changed) situation. The case at bar falls into this latter category. It was not until Bruggenthies testified that the exact nature of his testimony, and the degree to which that testimony would implicate Dobin, was known. Consequently, the motion had to be renewed to allow the district court to make a ruling on the matter based on full knowledge of Bruggenthies' testimony. The motion was not renewed, and the issue was not preserved for review; consequently, we can reverse only if the district court's refusal to sever constituted plain error.

When reviewing a district court's actions for plain error, we require the defendant to "show, in addition to an abuse of discretion by the district court, prejudice affecting his or her substantial rights and 'some extraordinary reason for us to reverse for such error despite [his or her] failure to raise the issue in the trial court.'" *Munoz*, 894 F.2d at 294 (quoting *Thornberg*, 844 F.2d at 575). Dobin contends that he meets this relatively high standard because the incriminating testimony from his codefendant had an extremely prejudicial impact upon the jury. We disagree because Bruggenthies' testimony barely mentioned Dobin and did not directly implicate Dobin in any criminal wrongdoing. Consequently, we are confident that the jury was able to distinguish between the evidence against Bruggenthies—including his own testimony—and the evidence against Dobin, and the district court did not abuse its discretion in denying the severance. *See United States v. Foote*, 920 F.2d

1395, 1398 (8th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2246, 114 L.Ed.2d 487 (1991). Finally, even if the district court had abused its discretion, we would not reverse because the overwhelming evidence against Dobin—particularly the testimony of two other members of the conspiracy—demonstrates that the extraordinary circumstances necessary to reverse the district court under the plain error standard are lacking in this case.

Dobin's failure to renew his motion for severance at a time appropriate for the court to rule on the motion with full knowledge of the relevant facts requires that we review this case under the plain error standard. Dobin fails to meet the high hurdle imposed by this standard because the district court did not abuse its discretion in denying the motion and there are no extraordinary reasons justifying a reversal in this case. Consequently, we affirm the district court.