# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-3063

_____

United States of America,         *
                                 *
        Appellee,       *   Appeal from the United States
                                 *   District Court for the
    v.                      *   Eastern District of Missouri.
                                 *
Laverne Adams,              *
                                 *
        Appellant.     *

_____

Submitted:  February 11, 1997

Filed:  March 26, 1997

_____

Before BOWMAN and WOLLMAN, Circuit Judges, and BOGUE,[1] District
    Judge.

_____

WOLLMAN, Circuit Judge.

Laverne Adams appeals his conviction in the district court[2] for being
a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
We affirm.

---

[1]The HONORABLE ANDREW W. BOGUE, United States District Judge
for the District of South Dakota, sitting by designation.

[2]The Honorable George F. Gunn, Jr., United States District
Judge for the Eastern District of Missouri.

At approximately 8:35 p.m. on April 17, 1995, a Kinloch, Missouri, police officer stopped Adams for a traffic violation.  Upon discovering an outstanding warrant for Adams' arrest, the officer arrested him, conducted a plain view inventory search of Adams' truck, and had the truck towed.

On April 18, 1995, Adams, while in custody, twice telephoned his brother, who was the subject of a Federal Bureau of Investigation (FBI) investigation.  An FBI wiretap on the brother's telephone line intercepted both of Adams' calls.  During a call made at 12:18 a.m., Adams stated that the police had impounded the truck but that it "was tight though.  It was tight as Fort Knox."  During a call made at 12:58 a.m., Adams told his brother, "I was dirty when they stopped me man," "I was dirty.  They tow. . .they towed my truck man," and "You know what I be havin' with me man."

At approximately 11:00 a.m. on April 18, 1995, agents of the FBI and St. Louis County had a narcotics dog sniff Adams' impounded truck.  The dog reacted positively to a console between the truck's front seats, indicating the presence of a controlled substance.

The agents then applied for a warrant to search Adams' truck.  St. Louis County police officer Todd Scott prepared the affidavit in support of the warrant, citing the dog sniff and the intercepted conversations.  He attested that Adams had stated during the intercepted call that he "was riding dirty," but that the truck was "tight, tight as Fort Knox."  The magistrate judge determined probable cause existed and issued a warrant.

The truck was driven to an FBI facility. A search of the truck revealed a semi-automatic .32 caliber handgun, a .41 caliber Smith & Wesson revolver, a plastic bag containing cocaine, and paperwork bearing Adams' name. These items were hidden in the console between the front seats of the truck, which was locked with a custom-wire mechanism. Adams' fingerprints were discovered on the Smith & Wesson revolver and the bag of cocaine.

Adams was indicted for being a felon in possession of a firearm. During discovery, a transcript of only the 12:18 a.m. conversation was provided to Adams' defense counsel, as investigating agents had forgotten about the 12:58 a.m. conversation. In light of the apparent discrepancy between Adams' statements in the 12:18 a.m. conversation transcript and the statements which Scott quoted in his affidavit, Adams moved to suppress the evidence recovered pursuant to the warrant.

At the suppression hearing, Scott was presented with a transcript of Adams' 12:18 a.m. conversation. He testified that Adams' statement that he "was riding dirty" was not in that conversation transcript and that he must have paraphrased the statement. The magistrate judge[3] denied the motion to suppress, finding that the magistrate judge issuing the warrant had been misled by the paraphrased quotes but that Scott had not intentionally or knowingly misled the issuing magistrate judge on a material matter or proceeded with a reckless disregard for the truth. Subsequently, but prior to trial, the 12:58 a.m. conversation transcript containing the quoted statements was discovered and disclosed to defense counsel.

_____

[3]The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri.

Adams first asserts that the misstatement in the affidavit rendered the search of his truck invalid. Under <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), a warrant is invalid if the affiant knowingly and intentionally, or with reckless disregard for the truth, includes a false statement in the warrant affidavit. <u>See</u> <u>Franks</u>, 438 U.S. at 155-56; <u>United States v. Clapp</u>, 46 F.3d 795, 799 (8th Cir. 1995). We find it clear, however, that no <u>Franks</u> violation occurred. The evidence shows, and Adams does not contest, that Adams in fact made the quoted statements during the 12:58 a.m. conversation. Thus, Scott's warrant was based on true information and <u>Franks</u> is inapplicable. <u>See</u> <u>United States v. Angell</u>, 11 F.3d 806, 810 (8th Cir. 1993) (no <u>Franks</u> violation where officer's testimony contained no falsehoods).

Adams also asserts that the warrant was improperly based on the warrantless search conducted with the aid of the narcotics dog. We need not reach this question, however, so long as the other evidence before the magistrate judge provided the requisite probable cause for the warrant. <u>See</u> <u>Clapp</u>, 46 F.3d at 799 (even if some information in warrant affidavit is improper, warrant is valid if remaining information sufficiently shows existence of probable cause).

Probable cause exists when a practical, common-sense evaluation of the facts and circumstances shows a fair probability that contraband or other evidence will be found in the asserted location. <u>See</u> <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). Our task on review is "simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." <u>See</u> <u>id.</u> at 238-39 (quoting <u>Jones v. United States</u>, 362

U.S. 257, 271 (1960)).  Here, the issuing magistrate judge was aware of the facts that Adams had been driving the truck in question and that the truck had been impounded and of Adams' inculpatory statements in the intercepted telephone conversations.  This evidence provided a substantial basis for the magistrate judge's conclusion that a fair probability existed that contraband would be found in the truck.

### III.

Adams next asserts that the evidence showing that he possessed the weapons was insufficient to support the verdict.  We examine this claim by reviewing the evidence in the light most favorable to the government.  See United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996).  We will overturn a jury verdict only if a reasonable jury must have had a reasonable doubt regarding the proof of an essential element of the offense.  See id. At 1547-48.  Without repeating the summary of the evidence set forth above, we conclude that that evidence would allow, if indeed not compel, a reasonable jury to conclude that Adams possessed the firearms.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.