# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 01-1770

_____

United States of America,         *

                                      *

          Appellant,       *

                                      *      Appeal from the United States

     v.                     *      District Court for the

                                      *      Northern District of Iowa.

Erick Arias Campos,        *

                                      *

          Appellee.        *

_____

Submitted:  September 11, 2001
Filed:   October 4, 2002

_____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

A jury found Erick Arias Campos guilty of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) (1994). The district court granted Campos's motion for a new trial on the basis that the jury's verdict preponderated against the evidence such that a miscarriage of justice may have occurred. We reverse.

## I.

Campos and several other individuals shared a residence in Sioux City, Iowa. A neighbor alerted police to marijuana growing in a bucket located outside Campos's residence. When police arrived, Campos initially denied, but later admitted, that the marijuana was his. Campos gave written and verbal authorization to the police to search the residence. Once inside the residence, police found a box in Campos's bedroom next to his bed containing 50.6 grams of methamphetamine, a .38-caliber Lorcin firearm, a loaded ammunition clip adjacent to the firearm, and a box of approximately 30 rounds of .38-caliber bullets. Police also found false identification documents and social security cards in the same box as the drugs, firearm, and ammunition. Several of the documents used Campos's name and contained Campos's picture. Police did not find any drug user paraphernalia in the residence except for a butane lighter found near the methamphetamine in Campos's bedroom and an empty pen casing located in a glass hutch in the dining room. Subsequent testing revealed methamphetamine residue on the tip of the pen casing.

Police arrested Campos and charged him with possession with intent to distribute methamphetamine and possession of a firearm and ammunition by an illegal alien. He pleaded guilty to the firearm charge, and after a jury trial, he was found guilty on the drug charge. Campos filed a posttrial motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and alternatively for a new trial pursuant to Rule 33. The district court denied Campos's motion for judgment of acquittal, finding the evidence sufficient to support the jury's verdict, but concluded that the evidence weighed "heavily enough against the verdict that a miscarriage of justice may have occurred." (D. Ct. Order at 20.) Therefore, the district court granted Campos's motion for a new trial. The government now appeals.

2

II.

Rule 33 states that "the court may grant a new trial to [a] defendant if the interests of justice so require." The decision to grant or deny a motion for a new trial based upon the weight of the evidence is within the sound discretion of the trial court. While the district court's discretion is quite broad--"it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict," White v. Pence, 961 F.2d 776, 780 (8th Cir. 1992) (quoted source and internal marks omitted))--there are limits to it. Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand. See United States v. Lacey, 219 F.3d 779, 783 (8th Cir. 2000).

Motions for new trials based on the weight of the evidence are generally disfavored. That being said, the district court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority "sparingly and with caution." See United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980); see also 3 Charles Alan Wright, Federal Practice and Procedure § 553, at 248 (2d ed. 1982) (granting new trial under Rule 33 is unusual remedy that is reserved for "exceptional cases in which the evidence preponderates heavily against the verdict"). The district court properly cited these standards in its Rule 33 analysis, but we conclude, abused its discretion by setting aside the jury's verdict after finding a lack of circumstantial evidence to support the distribution charge. See Dominium Mgmt. Servs., Inc. v. Nationwide Hous. Group, 195 F.3d 358, 366 (8th Cir. 1999) (standard of review).

The government argues that the district court abused its discretion by granting a new trial when the quantity of methamphetamine seized and its location adjacent to the firearm, ammunition, and false identification documents established that Campos intended to distribute the methamphetamine. After a careful review of the evidence, we agree. "An abuse of discretion occurs when a relevant factor that should

3

have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing the factors commits a clear error of judgment." United States v. Butler, 296 F.3d 721, 723 (8th Cir. 2002) (quoted source and internal marks omitted). In our view, the district court failed to give due weight to the evidence tending to show Campos's intent to distribute the methamphetamine, and the court committed clear error by giving unduly greater weight to the evidence suggesting that Campos was merely a drug user.

In favor of his motion for new trial, Campos argued that the evidence was insufficient to support the jury's verdict to such a degree that a miscarriage of justice occurred. To establish the offense of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), the government was required to establish that Campos knowingly possessed methamphetamine with the intent to distribute it. See United States v. Boyd, 180 F.3d 967, 979 (8th Cir. 1999). Campos admitted that he possessed the methamphetamine but contended that it was for his personal use only and that the government did not adequately prove he intended to distribute the drugs. The government offered no direct evidence of distribution; that is, it had no evidence of a hand-to-hand delivery. However, the government set forth circumstantial evidence that established Campos's intent to distribute, including the quantity of methamphetamine seized, the presence of a firearm and ammunition, and Campos's use of false identification documents. See id. at 980.

Campos possessed 50.6 grams of methamphetamine. A large quantity of narcotics is indicative of an intent to distribute, and we have previously held that possession of approximately 50 grams of methamphetamine is consistent with an intent to distribute. See United States v. Schubel, 912 F.2d 952, 956 (8th Cir. 1990). It was not implausible for the jury to infer that his intent to distribute was sufficiently established by the other evidence in addition to that of drug quantity. See United States v. Alvarez, 254 F.3d 725, 727 (8th Cir. 2001) (affirming jury verdict on charge

4

of possession with intent to distribute when defendant was found to possess only 2.4 grams of methamphetamine at time of arrest).

The government introduced additional evidence that we have previously held supports a finding of possession with intent to distribute: the presence of a firearm and attendant ammunition. "Because a gun is 'generally considered a tool of the trade for drug dealers, [it] is also evidence of intent to distribute.'" United States v. White, 969 F.2d 681, 684 (8th Cir. 1992) (quoting Schubel, 912 F.2d at 956); see also Boyd, 180 F.3d at 980-81 (concluding that firearm located next to bag of approximately 33.72 grams of cocaine indicated intent to distribute); United States v. Bryson, 110 F.3d 575, 585 (8th Cir. 1997) (stating that firearm found near drug-related items suggests intent to distribute); United States v. Brett, 872 F.2d 1365, 1370 (8th Cir.) (considering presence of firearm evidence of intent to distribute), cert. denied, 493 U.S. 932 (1989).

Campos also possessed numerous false identification cards. Campos stated that he used the false documents to conceal his illegal alien status from his employer; however, we have previously held that false identification documents and the use of aliases is consistent with involvement in the drug trade. See Boyd, 180 F.3d at 981; United States v. Walcott, 61 F.3d 635, 638 (8th Cir. 1995), cert. denied, 516 U.S. 1132 (1996). This is particularly relevant here because law enforcement found the documents, the gun, and the ammunition in the same container that stored Campos's methamphetamine beside his bed. Cf. United States v. Rogers, 939 F.2d 591, 595 (8th Cir.) (holding that close personal connection to location that contains drug-related items is probative of intent to distribute), cert. denied, 502 U.S. 991 (1991). It was the jury's role to determine what weight to give to this relevant evidence.

Campos testified that he regularly used methamphetamine and ordinarily purchased an "8-ball" (3.5 grams) for his personal use for $70. When he was arrested, however, he possessed roughly fourteen times the amount of methamphetamine he

5

claimed to ordinarily possess for his personal use. The government introduced law enforcement testimony that this quantity of methamphetamine was worth between $1000 and $1500 in the Sioux City market, but according to Campos's testimony, he paid a person, whose name he did not know and whom he had met for the first time at a bar the night before, a mere $200 for the drugs. The district court found this portion of Campos's testimony incredible but still found Campos's assertion that he was merely a user credible.

We understand that the district court was free to believe some, all, or none of Campos's testimony. Campos claimed to be an addicted user of methamphetamine, but the evidence presented at trial does not support his assertion. Campos's roommate testified that he had seen Campos with methamphetamine in his possession arranged in lines and ready to use, but admitted on cross-examination that he never witnessed Campos actually ingest the drug. The arresting officer stated that Campos did not exhibit any indication that he was under the influence of methamphetamine nor did Campos have any user paraphernalia on his person at the time of arrest. Law enforcement found only a butane lighter (which could be used to smoke methamphetamine) in close proximity to the methamphetamine, and a pen casing with methamphetamine residue elsewhere in the residence.

While the standard of review certainly favors the district court's decision, we cannot say in this case that the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." See United States v. Martinez, 763 F.2d 1297, 1313 (11th Cir. 1985). Although the government did not set forth any evidence that Campos possessed razor blades, cutting agents, packaging material, or a scale, for example, we believe that the other undisputed evidence presented strongly correlates his intent to distribute and is more than strong enough to defeat Campos's motion for a new trial. At this juncture, the question is not what evidence the government did not have; rather, the test is how strong the

6

evidence the government did introduce was. We respectfully disagree with the district court's assessment that the government's case was "razor thin."

Even if Campos was a methamphetamine user, the jury was faced with deciding his intent in possessing 50.6 grams of methamphetamine worth between $1000 and $1500 for which he said he paid only $200, particularly given his testimony that he was working as a day laborer tearing off roofs for cash payments. The district court made much of the pen casing with methamphetamine residue found in the common dining room in reaching its conclusion "that the government did not meet its burden in this case" to prove that Campos held the methamphetamine for distribution. (D. Ct. Order at 19.) Just because one is a drug user, however, does not preclude one from also intending to distribute drugs: it is common knowledge, we believe, that drug users often turn to dealing drugs to finance their habits.

After twice reading the entire transcript of the trial and the district court's well-written posttrial order, we are satisfied that the evidence was more than legally sufficient for the jury to find that Campos intended to distribute the methamphetamine, and we conclude that it is highly unlikely that a miscarriage of justice occurred when the jury found Campos guilty as charged.

III.

For the foregoing reasons, we reverse the district court's grant of a new trial, reinstate the jury's verdict, and remand for sentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

7