240 F.Supp.2d 1078 (2002)
UNITED STATES of America, Plaintiff,
v.
Anthony COLLINS, Defendant.
No. CR.02-30097-02.
United States District Court, D. South Dakota, Central Division.
December 11, 2002.

MEMORANDUM OPINION AND ORDER
MORENO, United States Magistrate Judge.

I.
[¶ 1] Defendant, Anthony Collins (Collins) filed a Motion for Severance of Defendants for Trial, and supporting Memorandum of Law, on November 26, 2002, Docket Nos. 39, 40. Attached to Collins' Memorandum is a copy of the statements *1079 made by Co-Defendant Misty High Bear (High Bear) to law enforcement officers on September 19, 2002, which refer or relate to the allegations contained in the Indictment. High Bear has not joined in Collins' Motion nor has she moved separately for severance. After considering the Motion in light of the records on file and the totality of the circumstances present, the Court concludes that the Motion should be denied.

II.
[¶2] The pertinent facts and procedural history can be briefly stated. On or about September 12, 2002, in Eagle Butte, South Dakota, Collins and High Bear are alleged, either individually and/or as aiders and abettors, to have unlawfully entered and remained in the residence of Alan Traversie, and assaulted Danielle Traversie (Danielle) with brass knuckles and shod feet. According to the investigative report that Collins submitted with his Motion, High Bear admitted to FBI Agent Thomas Jones and Detective Larry LeBeau of the Cheyenne River Sioux Tribe, that she went to the Traversie residence, was allowed inside, walked to a back bedroom and punched Danielle in the face. No where in the report or in her statement does High Bear mention Collins being at the residence when the assault took place.
[¶3] High Bear and Collins were indicted conjointly on burglary and assault charges. Docket Nos. 1 and 29. They both entered not guilty pleas and a jury trial is scheduled for January 7, 2003, Docket No. 23.

III.
[¶4] In his Severance Motion, Collins claims that he would be "prejudiced by a joinder of the defendants for trial because High Bear gave a statement in which she admitted to the assault of the alleged victim, and such statement [when] combined with other witness testimony that Collins was present would incriminate Collins on the burglary charge." Docket No. 39 at 1. He further claims that "[i]f High Bear's statements were introduced at trial and she did not take the witness stand [he] would be denied his right to confront and cross-examine her in violation of the Confrontation Clause of the Sixth Amendment of the United States Constitution." Id.

IV.
[¶ 5] In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that the Confrontation Clause was violated when a confession of one defendant implicating another defendant was placed before the jury at the defendants' joint trial and the confessing defendant did not take the witness stand and was therefore not subject to cross-examination. 391 U.S. at 126, 137, 88 S.Ct. 1620. In so holding, the Court made clear that the Sixth Amendment violation was not cured by the giving of a cautionary instruction that the confession was to be considered only as evidence against the confessing defendant. Id. at 128-29,135-37, 88 S.Ct. 1620.
[¶6] Almost two decades later, the Supreme Court in Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), declined to extend the Bruton rule. Instead, it held that the Confrontation Clause was not violated by the admission of a non-testifying co-defendant's confession that was redacted to eliminate the defendant's name and any other reference to the defendant's existence. 481 U.S. at 206-11, 107 S.Ct. 1702. In Richardson, the evidence introduced after the co-defendant's redacted statement caused the statement to inculpate the defendant. Id. at 203-04, 107 S.Ct. 1702. The Court found, however, that such "contextual" incrimination did not violate the rule in Bruton because a jury was likely to obey a *1080 cautionary instruction to consider the statement itself as evidence only against the confessing defendant. Id. at 208-09, 107 S.Ct. 1702.
[¶7] Just recently, the Supreme Court revisited the applicability of Bruton's protective rule to the redacted confession of a co-defendant. In Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998), the Court held that a confession which substituted blanks and the word "delete" for the co-defendant's proper name fell within the scope of the Bruton rule. 527 U.S. at 197, 119 S.Ct. 1923.

V.
[¶8] Unlike the situation in Bruton, where the co-defendant's confession expressly implicated the defendant as his accomplice, High Bear's testimony here is not incriminating on its face, but only will become so when linked with other evidence to be introduced at trial. Where the necessity of such linkage is involved, there is not the overwhelming probability of jurors being unable to disregard incriminating inferences that is the foundation for the Bruton rule. Richardson, 481 U.S. at 208, 107 S.Ct. 1702; United States v. Logan, 210 F.3d 820, 822 (8th Cir.) (en banc), cert, denied, 531 U.S. 1053, 121 S.Ct. 659, 148 L.Ed.2d 562 (2000). In addition, from a practical standpoint, if the rule in Bruton is extended to confessions that incriminate by connection and linkage (as in this case), it would be difficult, if not impossible, to predict the admissibility of confessions in advance of trial. Richardson, 481 U.S. at 208-09, 107 S.Ct. 1702. Thus, under Richardson, High Bear's statements are admissible if and when a proper limiting instruction is given and Collins' identity is redacted to eliminate not only his name, but any reference to his existence. 481 U.S. at 211, 107 S.Ct. 1702; Logan, 210 F.3d at 821-23.[1] Assuming this is done here, severance is not obligatory under the Confrontation Clause. See United States v. McGuire, 45 F.3d 1177, 1187 (8th Cir.) ("the Confrontation Clause is not violated by the admission into evidence of a non-testifying co-defendant's admission of a crime so long as a proper limiting instruction is given and the admission does not refer to the defendant."), cert denied, 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 811 (1995); United States v. Miller, 995 F.2d 865, 866-67 (8th Cir.), cert, denied, 510 U.S. 1018, 114 S.Ct. 618, 126 L.Ed.2d 583 (1993) (no error in the refusal to sever a co-defendant's trial where redacted version of out-of-court statement made by co-defendant was admitted).

VI.
[¶ 9] In any event, the Court is satisfied that based on the record before it, severance is not necessary.
[¶ 10] Fed. R.Crim. P. 8(b) provides that two defendants may be charged in the same indictment "if they are alleged to have participated in the same act or same transaction or in the same series of acts or transactions constituting an offense or offenses." See generally Zafiro v. United
*1081 States, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). A court may grant severance "[i]f it appears that a defendant... is prejudiced by a joinder." Fed.R.Crim.P. 14.
[¶ 11] In general, persons who are jointly indicted on similar evidence from the same or related event should be tried together. United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir.1996); United States v. Adkins, 842 F.2d 210, 211 (8th Cir.1988). To warrant severance, a defendant must show "real prejudice", that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir.1993) (quoting Adkins, 842 F.2d at 211-12). The question of whether a denial of a severance motion results in "clear or real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each defendant. Bordeaux, 84 F.3d at 1547; United States v. Blum, 65 F.3d 1436, 1444 (8th Cir.1995), cert, denied, 516 U.S. 1097, 116 S.Ct. 824, 133 L.Ed.2d 767 (1996).
[¶ 12] The mere fact that two defendants may have potentially antagonistic defenses and that hostility may result if one defendant attempts to save himself at the expense of the other is not sufficient grounds to require severance. Bordeaux, 84 F.3d at 1547; United States v. Shivers, 66 F.3d 938, 940 (8th Cir.), cert, denied, 516 U.S. 1016, 116 S.Ct. 581, 133 L.Ed.2d 503 (1995). Likewise, the fact that one of the co-defendants may try to shift the blame to the other does not mandate separate trials. Bordeaux, 84 F.3d at 1547; United States v. Johnson, 944 F.2d 396, 402-03 (8th Cir.), cert, denied, 502 U.S. 1008, 112 S.Ct. 646, 116 L.Ed.2d 663 (1991).
[¶ 13] This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of properly "compartmentalizing" the evidence. See Bordeaux, 84 F.3d at 1547; Blum, 65 F.3d at 1444; Jones, 880 F.2d 55, 63 (8th Cir.1989). Indeed, the case involves two distinct defendants, both of whom are charged with committing, as principals or as aiders and abettors, the same three offenses. See McGuire, 45 F.3d at 1187. Any assumed disparity in the evidence, where, for example, certain evidence is admissible against High Bear but not Collins, does not compel the granting of Collins' severance Motion in this instance. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187; see also United States v. Lyles, 593 F.2d 182, 190 (2d Cir.), cert, denied, 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979). Nor is Collins entitled to severance simply because the Government's evidence may be more damaging against High Bear than him. See United States v. Garcia, 785 F.2d 214, 220 (8th Cir.), cert, denied, 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986).
[¶ 14] The Court believes that there are no overriding reasons or unique circumstances present to warrant the granting of a separate trial to Collins. This, coupled with the Court's view that a joint trial will not compromise any of Collins' rights or result in actual prejudice, or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro, 506 U.S. at 539-1, 113 S.Ct. 933; United States v. Lane, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986); United States v. Ortiz, 315 F.3d 873, 898 (8th Cir.2002), makes clear that severance is not required.

VII.
[¶ 15] Accordingly, it is hereby
[¶ 16] ORDERED that Collins' Motion for Severance of Defendants for Trial, Docket No. 39, shall be and is denied except as to the extent that it seeks to *1082 have High Bear's statements redacted in accordance with Richardson.[2]
NOTES
[1] As to whether a co-defendant's name can be replaced with a pronoun or similarly neutral word, the Eighth Circuit and other courts have consistently upheld this practice as long as the redacted confession or admission does not facially incriminate or lead the jury directly to a non-testifying defendant's co-defendant. See United States v. Edwards, 159 F.3d 1117, 1124-26 (8th Cir.1998) (use of "we", "they", "someone" and "others"), cert, denied, 528 U.S. 825, 120 S.Ct. 309, 145 L.Ed.2d 64 (1999); United States v. Jones, 101 F.3d 1263, 1270 & n. 5 (8th Cir. 1996) ("we" and "they"), cert, denied,; United States v. Williams, 936 F.2d 698, 700-01 (2d Cir.1991) ("another guy"); United States v. Briscoe, 896 F.2d 1476, 1502 (7th Cir.) ("we"), cert, denied, 498 U.S. 863, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990); United States v. Garcia, 836 F.2d 385, 390-91 (8th Cir.1987) ("someone").
[2] In denying Collins' Motion, the Court believes that the Supreme Court's decisions in Gray and Lilly v. Virginia, 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) are distinguishable from the case at hand and/or that the pitfalls found in them can be avoided by following the dictates of Richardson. See Logan, 210 F.3d at 821-23; see also, Edwards, 159 F.3d at 1125-26. Redaction under Richardson, though, should be reciprocal; that is, High Bear's statements, and those made by Collins, if any, should all be redacted so that their Sixth Amendment right to confrontation is not infringed.