**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10511 |
| Plaintiff - Appellee, | D.C. No. CR 09-01247-PHX-SRB |
| v. | |
| PHILLIP GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 14, 2012[**]
Pasadena, California

Before: CALLAHAN and BEA, Circuit Judges, and BENNETT, District
Judge.[***]

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Mark W. Bennett, District Judge for the U.S. District Court
for Northern Iowa, sitting by designation.

Phillip Gomez ("Gomez") appeals his jury trial convictions for assault and kidnapping. Gomez physically assaulted his then-girlfriend, Maria Marrietta ("Marrietta"), for a period of two to three hours, ending only when his mother arrived home and called 911. Gomez argues that the trial court erred in admitting into evidence the 911 transcript and recording and argues that there was insufficient evidence to convict him of kidnapping. We affirm.[1]

**1.**     The Confrontation Clause (U.S. CONST. amend. VI.) forbids "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). In *Davis v. Washington*, 547 U.S. 813 (2006), the Supreme Court held that "[s]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Id.* at 822. In examining the "circumstances" of the interrogation, the Court considers (1) whether an ongoing emergency existed, and (2) the formality of the encounter;

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

additionally, the nature of what was asked and answered is indicative of the purpose of the interrogation. *Michigan v. Bryant*, 131 S.Ct. 1143, 1162 (2011).

Here, Riggins called 911 when she walked into her home to find her son's pregnant girlfriend badly beaten and very bloody. She provided information to the dispatcher on Marrietta's current condition and Gomez's current whereabouts.[2] She was not describing an event in the past but rather seeking help to alleviate an ongoing emergency. Marrietta required air evacuation to a hospital where she remained for treatment for a week. Moreover, the dispatcher's questions were aimed at soliciting information on Marrietta's condition, providing directions on how to help her, and identifying the name and possible location of the assailant. Thus, the admission of these nontestimonial statements was proper.[3]

---

[2] Gomez fled shortly after Riggins called 911. He is heard at the beginning of the tape, but left soon after.

[3] In addition, the court's admission of any statements and failure to redact any portions of the 911 call in violation of the Confrontation Clause was harmless beyond a reasonable doubt under *United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir. 2004); *see also United States v. Holland*, 880 F.2d 1091, 1094 (9th Cir. 1989). Marrietta testified to every detail of the assault and identified Gomez as the assailant. A police officer testified that he found Marrietta, beaten and bloody, in the back bedroom of Gomez's mother's house. An Emergency Medical Technician ("EMT") testified that Gomez told him that he had "hurt [a friend] pretty bad," and then later admitted that the "friend" was his girlfriend. Given the weight of this combined evidence against Gomez, any error in admitting or failing to redact portions of the 911 call was harmless beyond a reasonable doubt.

3

**2.**     Gomez also argues that Riggins's statements are nonadmissible hearsay that do not fall within an exception to the rule against hearsay. Riggins's nontestimonial statements to the 911 dispatcher, made almost immediately after Riggins first saw Marrietta in a beaten and bloody state, were properly admitted under the excited utterance exception. *See* Fed. R. Evid. 803(2). Although Riggins did not witness the assault, the "event" continued until Marrietta received emergency care, and Marrietta's "condition" no doubt caused Riggins great stress as reflected in her 911 call. Accordingly, admitting her statements under Rule 803(2) was not an abuse of discretion.

**3.**     Gomez argues that the only evidence of a kidnapping was also evidence of the assault, and that the two charges thus "merged." Under *Missouri v. Hunter*, 459 U.S. 359, 366 (1983), the relevant inquiry is "whether each provision requires proof of a fact that the other does not." In applying this analysis, this court in *United States v. Etsitty*, 130 F.3d 420, 427 (9th Cir. 1997) stated:

> Based on the Supreme Court's test, the kidnapping and assault charges are not the same offense because each requires proof of facts the other does not. Kidnapping requires proof of seizure . . . [t]he assault charges require proof . . . that the defendant intentionally struck or wounded the victim, acted with specific intent to do bodily harm, and used a dangerous weapon. The proofs of these charges are not co-extensive. . . . Charges, convictions and sentences on each of these offenses at the same trial are permissible.

4

Here, Gomez is charged with assault and kidnapping under the same statutes considered in *Etsitty*. Convictions on both offenses were thus appropriate in this case.

Alternatively, Gomez argues that the evidence was insufficient as to the element of seizure or confinement required under the kidnapping statute. *See* 18 U.S.C. § 1201(a). Evidence at trial established that Gomez blocked one exit with a refrigerator, pulled Marrietta around by her hair, pushed her down, threw her, and trapped her on the floor just inside the door. Viewing this evidence "in the light most favorable to the prosecution," it was sufficient for a jury to find that the government established the element of confinement or seizure. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**AFFIRMED**.