# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41328
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN MARGARITO-CASIMIRO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-100-1

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Margarito-Casimiro appeals the 480-month sentence imposed following his guilty plea conviction for kidnapping. He argues that the district court plainly erred in finding that there was a sufficient factual basis to support his guilty plea because there was no evidence that an instrumentality of interstate commerce was used in furtherance of the offense. Specifically, he asserts that the one cell phone call involved in the instant case was not in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

furtherance of the victim's kidnapping nor his own ransom demand of $150,000.

Margarito-Casimiro did not object to the sufficiency of the factual basis in the district court.  Thus, as he acknowledges, review is for plain error only. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006); *Puckett v. United States*, 556 U.S. 129, 135 (2009).  Under the plain error standard of review, Margarito-Casimiro must show the following:  (1) a forfeited error; (2) that is clear or obvious; and (3) that affects his substantial rights.  *See Puckett*, 556 U.S. at 135.  If Margarito-Casimiro can satisfy the above three prongs of plain error review, this court has the discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *See id.* (internal quotation marks and citations omitted).

It is undisputed that the motive for the victim's kidnapping was to retrieve the money owed to a Mexican drug owner.  Irrespective of Margarito-Casimiro's "own agenda" of wanting more ransom money, Margarito-Casimiro admitted to kidnapping the victim for ransom and using an instrumentality of interstate commerce "to-wit, a cellular telephone in committing and in furtherance of the commission of this offense."  *See* 18 U.S.C. § 1201(a)(1); *United States v. Marek,* 238 F.3d 310, 318 (5th Cir. 2001) (en banc).  Accordingly, there was a sufficient factual basis to support Margarito-Casimiro's guilty plea.  *See Puckett*, 556 U.S. at 135.

Even if there was error, Margarito-Casimiro cannot show that the error affected his substantial rights.  To show an effect on substantial rights, Margarito-Casimiro must show that, but for the error, there is a reasonable probability that he would not have pleaded guilty.  *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006) (factual basis context).  As pointed out by the

Government, Margarito-Casimiro does not brief or argue this point. Further, Margarito-Casimiro does not make any attempt to show why we should exercise our discretion under the fourth prong of plain error review. Accordingly, he has abandoned these issues and his conviction is affirmed. *See United States v. Reyes*, 300 F.3d 555, 558 n.2 (5th Cir. 2014); *see Puckett*, 556 U.S. at 135.

Margarito-Casimiro does not dispute that his guidelines sentence was correctly calculated. He does argue, however, that the district court abused its discretion in not departing from the guidelines on the basis of an overrepresentation of his criminal history. Margarito-Casimiro further asserts that the presentence report and the district court's use of pending charges to deny his motion for a downward departure resulted in an unreasonable sentence.

We lack jurisdiction to review the denial of a downward departure unless the district court held the mistaken belief that it lacked the authority to depart. *United States v. Sam*, 467 F.3d 857, 861 (5th Cir. 2006). Here, the record does not reflect that the district court was unaware that it could depart; instead, the record supports that the district court knew that it could depart, considered Margarito-Casimiro's motion for a downward departure on the merits, and concluded that the motion should be denied because a within-guidelines sentence was proper. Thus, we lack jurisdiction to consider any argument challenging the district court's decision to deny Margarito-Casimiro a downward departure. *See id.*

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.