# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10641

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TREVEON DOMINIQUE ANDERSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-340-9

Before KING, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

Treveon Dominique Anderson was convicted of numerous felonies, including two counts of kidnapping. Anderson argues that the restraint of two individuals with zip ties was incidental to the robbery offense and therefore insufficient to support a kidnapping charge. Because all the elements of the relevant kidnapping statute were met, we affirm the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10641

## I.

On November 17, 2013, seven people, covered from head to toe, exited a cargo van and approached the Tilak Jewelry Store in Irving, Texas. The men broke through two sets of doors and destroyed the jewelry display cases. The men used zip ties to secure the two storeowners' hands behind their backs and held them face-down, unable to move, at gunpoint. The men seized approximately $400,000 worth of jewelry, in what the storeowners estimated to be about one and a half minutes.

Although the two storeowners could not identify the robbers, DNA evidence led the police to identify the van used in the robbery. The van contained jewelry displays and zip ties, which appeared to have been prepared for use as handcuffs and resembled those used in the robbery. The police also located another vehicle associated with the robbers, which ultimately revealed Anderson's role in the robbery.

Two codefendants testified that Anderson traveled with the robbers to Dallas from Houston and, as relevant here, entered the jewelry store with a firearm and restrained the storeowners at gunpoint with zip ties. The government introduced cell-phone records establishing that Anderson communicated with other robbers near the time of the robbery and that he traveled from Houston to Dallas, and then back to Houston, on the day of the robbery. Anderson later met the other robbers at a strip club to divide the proceeds.

A jury convicted Anderson of conspiracy to interfere with commerce by robbery; interference with commerce by robbery; using, carrying, and brandishing a firearm during and in relation to a crime of violence; and two counts of kidnapping. Anderson moved twice for a judgment of acquittal, once during trial and once afterwards, each time asserting that the evidence was

2

No. 19-10641

insufficient to establish a kidnapping conviction.[1] The district court denied these motions. Anderson timely appealed.

## II.

"[W]e review preserved challenges to the sufficiency of the evidence de novo, but we are 'highly deferential to the verdict.'" *United States v. Bolton*, 908 F.3d 75, 89 (5th Cir. 2018) (quoting *United States v. Scott*, 892 F.3d 791, 796 (5th Cir. 2018)), *cert. denied*, 140 S. Ct. 47 (2019). Accordingly, "we view all evidence, whether circumstantial or direct, in the light most favorable to the government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict." *Scott,* 892 F.3d at 796 (quoting *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009)). Because "[i]t is the province of the jury to weigh any conflicting evidence . . . [o]ur question is whether the jury's verdict was reasonable, not whether we believe it to be correct." *Bolton*, 908 F.3d at 89 (internal quotation marks omitted) (quoting *Scott*, 892 F.3d at 797).

## III.

## A.

The federal kidnapping statute states, in pertinent part, that:

Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when . . . the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense . . . shall be punished by imprisonment for any term of years or for life . . . .

18 U.S.C. § 1201(a)(1); *see also United States v. Barton*, 257 F.3d 433, 439 (5th Cir. 2001) (listing elements). To withstand a sufficiency-of-the-evidence

---

[1] Anderson's motion, in the alternative, for a new trial, was also denied.

challenge, "[t]here must be proof that the victim was unlawfully seized, confined, inveigled, kidnapped, abducted, or carried away." *United States v. Garza-Robles*, 627 F.3d 161, 166 (5th Cir. 2010).

Though earlier iterations of § 1201(a)(1) required the asportation of a victim in interstate commerce,[2] a 2006 amendment broadened the crime to include intrastate activity if an instrumentality of interstate commerce was used. *See* Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 213, 120 Stat. 587, 616 (codified at § 1201(a)(1)). Relatedly, this court upheld an intrastate kidnapping conviction under § 1201(a)(1) because the defendant "admitted to kidnapping the victim for ransom and using an instrumentality of interstate commerce 'to-wit, a cellular telephone in committing and in furtherance of the commission of this offense.'" *United States v. Margarito-Casimiro*, 667 F. App'x 130, 130 (5th Cir. 2016) (citing *United States v. Marek*, 238 F.3d 310, 318 (5th Cir. 2001) (en banc)); *accord United States v. Morgan*, 748 F.3d 1024, 1032 (10th Cir. 2014).

The definition of "seize" is "[t]o forcibly take possession (of a person or property)." *Seize*, *Black's Law Dictionary*, *supra*. In the Fourth Amendment context, this court has defined a "seizure" as a "termination of freedom of movement through means intentionally applied." *Mason v. Lafayette City-Par. Consol. Gov't*, 806 F.3d 268, 278 (5th Cir. 2015) (emphasis omitted) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989)); *see also Terry v. Ohio*, 392 U.S. 1, 19 n.16, (1968) (noting that a seizure occurs "by means of physical force"

---

[2] *Asportation* is defined as "[t]he act of carrying away or removing (property or a person)." *Asportation*, *Black's Law Dictionary* (11th ed. 2019). Though asportation was a common-law requirement for kidnapping, it is no longer required under federal kidnapping statutes. *See, e.g.*, § 1201(a)(1); *United States v. Guidry*, 456 F.3d 493, 510 (5th Cir. 2006) ("Under the common law definition of kidnapping, asportation was an essential element . . . . Under modern statutes, by comparison, asportation is most often treated as an alternative element . . . ."); *United States v. Etsitty*, 130 F.3d 420, 426 (9th Cir. 1997), *amended by* 140 F.3d 1274 (9th Cir. 1998).

that "has in some way restrained the liberty of a citizen"). The definition of "confinement" is "[t]he act of imprisoning or restraining someone; the quality, state, or condition of being imprisoned or restrained." *Confinement*, *Black's Law Dictionary*, *supra*.

## B.

Anderson argues that the evidence was insufficient to support his kidnapping convictions because the zip-tying of the two storeowners was incidental to the robbery.[3] He argues that § 1201(a) requires the victim to have suffered from asportation or extended confinement rather than a brief, incidental restraint, and that he did not intend to confine the storeowners longer than necessary to complete the robbery.

We decline to insert additional elements into the statute that Congress did not, such as requiring the kidnapping to have been more than "incidental."[4] As relevant here, § 1201(a)(1) requires the "unlawful[] seiz[ure]" or "confine[ment]" of "any person" for "ransom or reward or otherwise" when the defendant uses "any means, facility, or instrumentality of interstate . . . commerce in committing or in furtherance of the commission of the offense." Notably, this language does not require extended confinement, that the kidnapping was more than "incidental," or that the defendant intended to confine the victims for an extended period of time.

Moreover, the jury's verdict was reasonable in light of § 1201(a)(1)'s plain language. Anderson handcuffed the store owners at gunpoint with zip ties and forced them to lie face down on the floor, which prevented their movement, in

---

[3] Anderson asserts that "he does not seek relief for the submission of multiplicitous charges."

[4] Anderson's reliance on *United States v. Peden*, 961 F.2d 517, 522 (5th Cir. 1992), for the notion that kidnapping must not be "incidental" to another offense is misplaced. The decision analyzed multiplicity, not sufficiency of the evidence. *See id.* As noted, movement of the victim, i.e. asportation, is not a required element under § 1201(a)(1).

order to rob the jewelry store. In other words, the storeowners were "seize[d]" and "confine[d]." *See* § 1201(a)(1); *see also United States v. Ford*, 726 F.3d 1028, 1034 (8th Cir. 2013) (upholding kidnapping conviction where the defendant "barricaded the door when [the victim] tried to leave the room, and prevented her from having access to her cell phone"); *United States v. Gomez*, 472 F. App'x 601, 604 (9th Cir. 2012) (same where the defendant "blocked one exit with a refrigerator, pulled Marrietta around by her hair, pushed her down, threw her, and trapped her on the floor just inside the door").

The record also reflects that Anderson, along with other robbers, used their cell phones before, during, and after the robbery to communicate while traveling, to maintain lookouts during the robbery, and to schedule a meetup at a strip club in Houston to divide the stolen jewelry. Accordingly, Anderson used an instrumentality of interstate commerce in furtherance of the offense. *See* § 1201(a)(1); *Margarito-Casimiro*, 667 F. App'x at 130 (noting that the defendant "use[d] an instrumentality of interstate commerce 'to-wit, a cellular telephone in committing and in furtherance of the commission of this offense'"); *see also Marek*, 238 F.3d at 318-19 (observing that intrastate use of telephones creates "criminal federal jurisdictional nexus").

Because a jury could reasonably conclude that all the elements of § 1201(a)(1) were satisfied, the district court correctly denied Anderson's sufficiency-of-the-evidence claim.

**IV.**

For the foregoing reasons, the judgment of the district court is AFFIRMED.